# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16 cr 44-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| HELEN ATKINS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#34) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of her pretrial release. At the call of this matter on for hearing it appeared that Defendant was present with her counsel, Mary Ellen Coleman, and the Government was present through AUSA Richard Edwards. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through her attorney, admitted the allegations contained in the Violation Report.

The Defendant was charged in a bill of indictment (#1) with converting to her own use property of the United States in violation of 18 U.S.C. § 641; and further,

making a materially false and fictitious statement to a Special Agent of the Office of the Inspector General of the United States Department of Veterans Affairs, in violation of 18 U.S.C. § 1001(a)(2). On April 13, 2016 the undersigned entered an Order (#7) releasing Defendant on terms and conditions of pretrial release. The undersigned further set conditions of release which included the following:

> (8)(j) Defendant to avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to co-defendants. Defendant may have contact with Mattie Crystal Atkins, but no contact with Jesse James Montgomery.

On May 19, 2016, during a home visit by the U.S. Probation Office, it was found that Jesse James Montgomery was located in the residence belonging to Defendant. The Probation Office further discovered that Defendant had lied to the U.S. Probation Officer during a home visit on May 17, 2016 by falsely advising the Probation Officer that Mr. Montgomery was not in the residence when, in fact, Mr. Montgomery was at the residence and was hiding from the U.S. Probation Officer.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

    (1)    finds that there is----
        (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
        (B) clear and convincing evidence that the person has violated any other condition of release; and
    (2)    finds that ---
        (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
        (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence and the admission of Defendant, it has been shown by clear and convincing evidence that Defendant violated the condition of release which required her not to be in contact with her co-defendant Mr. Montgomery. In furtherance of the violation, she lied and made false statements to the U.S. Probation Officer.

It is the opinion of the undersigned that based upon Defendant's actions, it appears it is unlikely Defendant will abide by any condition or combination of conditions of release, however, the undersigned will release Defendant again on terms and conditions of release that are more restrictive than those entered on April 13, 2016.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release previously entered in this matter on April 13, 2016 (#7) are hereby **REVOKED** and it is **ORDERED** that Defendant be released pending trial on more restrictive terms and conditions of release as set forth in the Order Setting Conditions of Release (#44).

Signed: June 17, 2016

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge